STOKES COAL CO., INC., Respondent, *v.* ROSA GARGUILO and CHARLOTTE GARTNER GARGUILO, Appellants.

First Department, November 4, 1938.

*Joseph B. Finkelstein,* for the appellants.

*Nathan A. Lashin* of counsel [*Leo Gellens,* attorney], for the respondent.

TOWNLEY, J.   Plaintiff obtained a judgment against the defendant Rosa Garguilo, on October 16, 1933, for $358.97, for coal delivered to her.   Execution was returned unsatisfied.   On October 5, 1933, while that action was pending, Rosa Garguilo transferred the premises at 526–528 East Eighty-first street, Manhattan, to her daughter-in-law, Charlotte G. Garguilo, without consideration. Plaintiff then brought this action to set aside that conveyance on the ground that it was a fraudulent conveyance under section 273 of the Debtor and Creditor Law.   That section provides: " Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

Before a conveyance may be deemed in fraud of creditors, it must be determined that the property conveyed is of value.   If the property in this case was of no value the creditors of the transferor could not claim to be damaged.

This property was bought in May, 1929, by Rosa Garguilo for $122,500, made up as follows: A first mortgage of $30,000, a second mortgage of $32,500, a purchase-money mortgage of $30,000 and a cash payment of $30,000.   The second mortgage and the purchase-money mortgage were to be amortized by semi-annual installments of $500 each.   Payments of interest and amortization were made until 1933.   By the fall of 1933, Rosa Garguilo was in arrears in the payment of interest on each of the three mortgages and in the payment of taxes and water charges.   The premises were in a deteriorated condition and the income from the property was insufficient to meet current running expenses as there were eleven vacant apartments out of a total of twenty-six.   The mortgagees were threatening foreclosure and Rosa Garguilo was subject to a deficiency judgment on the foreclosure of the purchase-money mortgage.   She was also indebted to her daughter-in-law.

After the transfer was made, the daughter-in-law paid the taxes and the interest on the mortgages.   She also made substantial repairs to the premises so that they should be habitable.   The incumbrances against the premises far exceeded the actual market value as of the time of the conveyance and it has been so found by the trial justice.

A conveyance is fraudulent as to creditors only if the conveyance makes the debtor insolvent. It is apparent that this conveyance did not affect Rosa Garguilo's solvency.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.