■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v MYRNA HEILBRUN, Appellant, et al., Respondent.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about September 29, 1989, which denied respondent Myrna Heilbrun's motion for summary judgment, unanimously affirmed, without costs.

Petitioner, as receiver for the Franklin National Bank, commenced this proceeding pursuant to CPLR 5225, alleging that a certain transfer of funds from respondent Joseph Heilbrun to his wife, respondent Myrna Heilbrun, was made with an intent to defraud Joseph Heilbrun's creditors, without consideration, rendering Joseph Heilbrun insolvent. Petitioner seeks a personal judgment against Myrna Heilbrun in the amount of its judgment against Joseph Heilbrun, plus interest and attorneys' fees.

Respondent contends that the petition is barred by virtue of the fact that the transferred funds were dissipated by the time this proceeding was commenced. Petitioner does not dispute that the funds were spent, in part in satisfaction of other debts owed by Joseph Heilbrun. We find respondent's position to be unpersuasive. A personal judgment against the transferee of a fraudulent conveyance may be obtained where the transferee has made it impossible to return the property to the creditor by, for example, disposing of wrongfully conveyed property or depreciating it *(Marine Midland Bank v Murkoff,* 120 AD2d 122, 133, *appeal dismissed* 69 NY2d 875). A trial is

required to determine the extent of respondent's liability, if any. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.