■ In the Matter of FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of FIRST INTER-COUNTY BANK OF NEW YORK, Appellant, v AMELIA CONTE, Respondent. [612 NYS2d 261] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Gurahian, J.), entered January 10, 1992 in Westchester County, which, in a proceeding pursuant to CPLR 5225 (b), granted respondent's motion to dismiss the petition.

Petitioner, which as successor in interest to First Inter-County Bank of New York (hereinafter the Bank) holds judgments against Robert Conte and Gioia Conte (hereinafter the Contes), seeks to recover approximately $180,000 that it alleges the Contes fraudulently transferred to respondent, Robert Conte's mother, when they refinanced their residence in November 1987. After closing expenses and existing liens were paid, the remaining proceeds of the $500,000 refinancing loan, amounting to $179,899.59, were made payable directly to respondent, apparently at the Contes' direction. Within several days of this transaction, however, respondent redistributed $35,000 of the funds to Robert Conte (hereinafter Conte) and the remainder ($144,899.59) to Regency Supply, a newly formed company owned by Conte.

Prior to these transactions, Conte had personally guaranteed loans in the amount of $1,000,000, which had been made by the Bank to Regency Lighting Services, Inc. (hereinafter RLS), a closely held corporation of which he was the owner and chief executive officer, and shortly after the refinancing of their residence the Contes borrowed an additional $47,794.96 from the Bank. RLS and the Contes subsequently defaulted on these obligations. Having obtained judgment against RLS and Conte in the amount of $647,586.16, and against the Contes in the amount of $56,993.56, petitioner commenced this postjudgment proceeding pursuant to CPLR 5225 (b), alleging that the Contes had conveyed the mortgage proceeds to respondent with intent to defraud creditors, and that the conveyance was

fraudulent and should be set aside. Respondent's motion to dismiss the petition was granted. Supreme Court reasoned that CPLR 5225 (b) was inapplicable because respondent did not possess the property sought and, alternatively, found that petitioner had not met its burden of demonstrating fraudulent intent under Debtor and Creditor Law § 276. Petitioner appeals.

Supreme Court's reading of CPLR 5225 (b), limiting its use only to instances when a respondent has custody or possession of the funds or other property at issue, is much too narrow. By its terms, CPLR 5225 (b) also permits a special proceeding to be brought against, and recovery to be had from, "a transferee of money or other personal property from the judgment debtor" if it can be demonstrated that the debtor is entitled to the property or that the creditor's interest is superior to that of the transferee. This provision furnishes a mechanism for obtaining a money judgment against the recipient of a fraudulent conveyance who has, in the interim, spent or dissipated the property conveyed (see, Federal Deposit Ins. Corp. v Heilbrun, 167 AD2d 294; Siemens & Halske GmbH. v Gres, 32 AD2d 624).

Respondent's argument, directed at the merits of the petition, that her immediate "return" of the funds to her son and his business demonstrates that there was no fraudulent intent behind the transaction, ignores the troublesome fact that the largest portion of the funds, $144,899.59, was transferred to a corporation which was not responsible for any of the Contes' debts, nor for those of RLS, which Conte had guaranteed. As a consequence, the transfer to respondent appears to have been a contrivance designed to withdraw some of the equity from the Contes' home and place it beyond the reach of their creditors, to the benefit of an entity owned and controlled by Conte. Moreover, respondent's deposition testimony suggests that she was aware that the Contes and RLS were experiencing financial difficulties at the time she received and redistributed the loan proceeds. These circumstances, along with the fact that several objective "indicia of fraud"—a transfer between family members, Conte's retention of control of the funds after the transfer, and a lack of consideration for the transfer (see, AMEV Capital Corp. v Kirk, 180 AD2d 775, 776, appeal dismissed 80 NY2d 825; Polkowski v Mela, 143 AD2d 260, 262)—are present and undisputed, are sufficient to create a triable question of fact respecting the actual intent of respondent and Conte at the time of the the subject transaction (see, Farmers Prod. Credit Assn. of Middletown v Taub,

121 AD2d 681, 682), and to warrant a plenary hearing *(see,* CPLR 410, 5225 [b]; *Federal Deposit Ins. Corp. v Heilbrun, supra,* at 294-295).

Mikoll, J. P., Mercure, Crew III and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.