■ FORUM INSURANCE COMPANY, Appellant, v TEXARKOMA TRANSPORTATION CO., Respondent, et al., Defendants. [645 NYS2d 786] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 31, 1995, which granted the motion by defendant Texarkoma Transportation Co. ("Transportation") for summary judgment dismissing the complaint against it, unanimously reversed, on the law, and the motion denied, without costs.

Defendant Texarkoma Crude and Gas Company ("Crude") was incorporated by Scott Towner in Arkansas in 1984 for the purpose of promoting and syndicating limited partnership investments in the exploration and development of oil and gas interests. Crude became a general partner in the other defendant Texarkoma partnerships operating in Alabama and Tennessee, in addition to purchasing limited partnership interests.

Plaintiff, an Illinois corporation, helped to finance this operation by issuing investor surety bonds guaranteeing the individual obligations of certain of the limited partners to these companies. As inducement for plaintiff to issue these bonds, Crude, together with defendants Miller Energies, Inc. and Deloy Miller (Towner's co-venturers), executed general partner indemnification agreements in New York, in plaintiff's favor, against payments plaintiff might be obligated to pay under the bonds.

Certain of the investors did default on their obligations, leaving plaintiff liable on the bonds in excess of $600,000. When Crude refused the demand for indemnification, plaintiff commenced this action. Crude's answer was stricken when it failed to comply with discovery demands for production of financial books and records.

The complaint alleged that Transportation was really the alter ego of Crude, which has since had its corporate certificate revoked in Arkansas. The two corporations shared common officers and directors, and their operations were located in the same offices, utilizing the same equipment and materials. Indeed, plaintiff argues that Towner, as principal shareholder and president of both corporations, dominated both, without reference to board or shareholder meetings, and actually ar-

ranged to have all of Crude's physical assets assigned to himself, without consideration, which he then leased to Transportation. Towner's argument that this assignment was in repayment of debt to him is defeated by the fact that Crude's assets well exceeded even the amount of unsubstantiated debt claimed by him. Some $463,000 in assets formerly held by Crude disappeared without explanation when Crude ceased operation. Towner was unable to furnish any of Crude's accounting, banking or corporate records, insisting that he had turned them over to an official at Transportation when he resigned as a Crude officer; this same official denied ever having received such records from Towner.

Plaintiff sought to pierce the corporate veil in order to prove that Crude and Transportation shared a unity of interest and ownership, and to trace the former's assets into the latter's coffers. The IAS Court dismissed this claim as based on speculation, offering as its only choice-of-law analysis that the case should be governed by the law of Arkansas, which is "the state of incorporation of both Crude and Transport." But clearly, this case should be governed by the law of the jurisdiction having the greatest interest in the litigation (*Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 382). Neither Crude nor Transportation is presently incorporated in Arkansas, whereas the indemnification agreement was executed here in New York.

Under New York law, the corporate veil can be pierced where there has been, *inter alia*, a failure to adhere to corporate formalities, inadequate capitalization, use of corporate funds for personal purpose, overlap in ownership and directorship, or common use of office space and equipment (*Passalacqua Bldrs. v Resnick Developers S.*, 933 F2d 131, 139 [2d Cir]).* In any event, this fact-laden claim to pierce the corporate veil is particularly unsuited for resolution on summary judgment (*Lally v Catskill Airways*, 198 AD2d 643, 644-645; *Paget v Budget Rent A Car Corp.*, 160 AD2d 533; *Toroy Realty Corp. v Ronka Realty Corp.*, 113 AD2d 882, 883-884).

Based upon the limited discovery available to it, plaintiff's showing was sufficient to permit piercing Transportation's corporate veil in pursuit of assets to satisfy the judgment against Crude. Summary judgment for Transportation was

---

* Arkansas courts have looked at similar factors in piercing the corporate veil. (*See, e.g., Rounds & Porter Lbr. Co. v Burns*, 216 Ark 288, 225 SW2d 1; *CPS, Inc. v Estate of Studebaker*, 1992 WL 42384 [Ark Ct App, Mar. 4, 1992, Danielson, J.]; *Muradian & Co. v Moring*, 1987 WL 8249 [Ark Ct App, Mar. 25, 1987, Coulson, J.].)

inappropriate on this record. Concur—Rosenberger, J. P., Wallach, Rubin and Tom, JJ.