■ In the Matter of ALPHA BYTES COMPUTER CORPORATION, Appellant, v GUNTHER SLATON et al., Respondents. In the Matter of GUNTHER SLATON et al., Respondents, v ALPHA BYTES COMPUTER CORPORATION, Appellant, et al., Respondents. [762 NYS2d 328] —Appeal from an order of Supreme Court, Niagara County (Doherty, J.H.O.), entered May 1, 2002, which granted respondents-petitioners' motion for partial summary judgment on the cross petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of respondents-petitioners for partial summary judgment on the cross petition, reinstating the petition, vacating that part of the first ordering paragraph concerning the turnover of the funds of petitioner-respondent at HSBC Bank and vacating the second and fourth ordering paragraphs and as modified the order is affirmed without costs.

Memorandum: In August 2000 respondents-petitioners (respondents) obtained a judgment against Alpha Bytes Com-

puter Corporation, a Canadian corporation incorporated in Ontario in February 1983, and Anton Stephens, the owner of that corporation. Respondents subsequently restrained two bank accounts, one owned by Anton Stephens, and the other owned by a second corporation, also named Alpha Bytes Computer Corporation, incorporated in New York in December 1988 and also owned by Stephens. The New York corporation, the petitioner-respondent herein (petitioner), contends that Supreme Court erred in piercing the corporate veil and granting respondents' motion for partial summary judgment on the cross petition in its entirety and dismissing the petition, thus allowing respondents to treat the two corporate entities as one for purposes of satisfying the judgment. We agree. The determination to pierce the corporate veil is fact-laden and thus is not well suited for resolution by summary judgment (*see Giarguaro S.p.A. v Amko Intl. Trading*, 300 AD2d 349, 350 [2002]; *First Capital Asset Mgt. v N.A. Partners*, 300 AD2d 112, 117 [2002]). The proponent of piercing the corporate veil must show that "the owners exercised complete domination of the corporation in respect to the transaction attacked" and that "such domination was used to commit a fraud or wrong against the [party seeking to pierce the corporate veil] which resulted in [that party's] injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Other factors that may be considered are the "failure to adhere to corporate formalities, inadequate capitalization, use of corporate funds for personal purpose, overlap in ownership and directorship, [and] common use of office space and equipment" (*Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1996]; *see Porter v LSB Indus.*, 192 AD2d 205, 215-216 [1993]). Here, respondents failed to establish as a matter of law that Stephens so dominated both corporations and used such domination to commit a fraud or wrong as to justify piercing the corporate veil to hold the New York corporation liable for the judgment against the Canadian corporation (*see 15th Ave. Assoc. v 75 Owners Corp.*, 303 AD2d 183 [2003]; *Berry Packing Corp. v Atlantic Veal Corp.*, 302 AD2d 417 [2003]; *see also TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335 [1998]). Respondents also failed to establish as a matter of law that any of the other factors weighed in favor of piercing the corporate veil (*see Forum Ins. Co.*, 229 AD2d at 342). Therefore, we modify the order by denying in part the motion of respondents for partial summary judgment on the cross petition, reinstating the petition, vacating that part of the first ordering paragraph concerning the turnover of the funds of petitioner at HSBC Bank and vacating the second and fourth ordering paragraphs. Because

respondents have a valid judgment against Stephens, we affirm those parts of the order granting partial summary judgment with respect to the turnover of the funds in Stephens' bank account at HSBC Bank and directing HSBC Bank to turn over those funds to respondents. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.