■ In the Matter of WBP CENTRAL ASSOCIATES, LLC, Appellant, v RICHARD DeCOLA et al., Respondents. [855 NYS2d 210]—

In a turnover proceeding pursuant to CPLR 5225 (b), inter alia, to set aside allegedly fraudulent conveyances of assets, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered October 20, 2006, which denied the petition as premature, and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the petition.

Contrary to the determination of the Supreme Court, a claim to set aside an allegedly fraudulent conveyance of money, assets, or property may be asserted in a special proceeding pursuant to CPLR 5225 (b), without first commencing a plenary action pursuant to article 10 of the Debtor and Creditor Law (*see Matter of Federal Deposit Ins. Corp. v Conte,* 204 AD2d 845, 846 [1994]; *Gelbard v Esses,* 96 AD2d 573, 575 [1983]; *Siemens & Halske GmbH. v Gres,* 32 AD2d 624 [1969]; *Schoenberg v Schoenberg,* 113 Misc 2d 356, 359 [1982], *mod* 90 AD2d 827 [1982]; Siegel, NY Prac § 510, at 868 [4th ed]). We note that our decision in *Taskiran v Murphy* (8 AD3d 360, 361 [2004]) is factually distinguishable from the instant case.

The petitioner correctly contends that, pursuant to the "trust fund doctrine" (*Credit Agricole Indosuez v Rossiyskiy Kredit Bank,* 94 NY2d 541, 549 [2000]), it may litigate, in a special proceeding pursuant to CPLR 5225 (b), its claims that transfers were made without fair consideration, that the respondents Richard DeCola and Patricia Snowden, also known as Patricia DeCola, are the alter egos of the various corporate respondents, and that the corporate veil may be pierced (*see Julien J. Studley, Inc. v Lefrak,* 48 NY2d 954, 956 [1979]; *Matter of Goldman v Chapman,* 44 AD3d 938, 939-940 [2007], *lv denied* 10 NY3d 702 [2008]; *First Capital Asset Mgt. v N.A. Partners,* 300 AD2d 112 [2002]; *Matter of P.A. Bldg. Co. v Silverman,* 298 AD2d 327, 328 [2002]; *O'Brien-Kreitzberg & Assoc. v K.P., Inc.,* 218 AD2d 519, 520 [1995]; *Matter of Lack v Kreiner,* 91 AD2d 813 [1982]).

However, the petitioner failed to establish its entitlement to a summary determination of the proceeding (*see* CPLR 409 [b]; *Matter of National Enters., Inc. v Clermont Farm Corp.,* 46 AD3d 1180, 1183 [2007]). Therefore, this Court need not reach the sufficiency of the respondents' papers (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Westchester Med. Ctr. v Allstate Ins. Co.,* 45 AD3d 579 [2007]). The evidence presented with the petition, among other things, did not establish, as a matter of law, that assets belonging to the respondent Deco Construction Corp. (hereinafter Deco Construction) were diverted to the respondent Deco Supply Corp., or that fraudulent transfers were made to the respondents Deco Land Holding Corp., Deco Management Corp., or RMS Yorktown Development Corp. The evidence indicated that a significant amount of the assets allegedly conveyed in a fraudulent manner may not have been obtained from Deco Construction.

Moreover, the evidence presented with the petition did not establish, as a matter of law, that the sole shareholders of the re-

spondent corporations exercised complete domination and control over those corporations so as to "commit a fraud or wrong against the [petitioner] which resulted in [the petitioner's] injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Matter of Goldman v Chapman*, 44 AD3d at 939). Thus, the petitioner is not entitled to a summary determination of its claims that the respondents Richard DeCola and Patricia Snowden, also known as Patricia DeCola, were the alter egos of the respondent corporations, and that the corporate veils should be pierced. Moreover, a claim to pierce the corporate veil "is fact-laden and thus not well suited for [summary determination]" (*Matter of Alpha Bytes Computer Corp. v Slaton*, 307 AD2d 725, 726 [2003]; *see Giarguaro S.p.A. v Amko Intl. Trading*, 300 AD2d 349, 350 [2002]). Thus, the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on the petition.

The parties' remaining contentions either are not properly before this Court or are without merit. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.