■ In the Matter of GOLDBERG & CONNOLLY, Appellant, v XAVIER CONSTRUCTION CO., INC., et al., Respondents. [943 NYS2d 178]—

In a turnover proceeding pursuant to CPLR 5225 (b) to direct Xavier Construction Co., Inc., and Frank Xavier Acocella to turn over the amount due under a judgment in favor of the petitioner, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered January 12, 2011, as denied the petition.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner Goldberg & Connolly successfully obtained a judgment in its favor, and against its former client Xavier Contracting, LLC (hereinafter Xavier Contracting), on a breach of contract action for unpaid legal services. However, the petitioner was unable to collect on the judgment against the former client.

The petitioner then commenced this turnover proceeding pursuant to CPLR 5225 (b), and alleged in its petition that Xavier Construction Co., Inc. (hereinafter Xavier Construction), and Frank Xavier Acocella (hereinafter together the respondents) were liable for the amount due under the judgment. With regard to Xavier Construction, the petition alleged that it had either engaged in a "de facto" merger with Xavier Contracting, or was

a "mere continuation" of Xavier Contracting and, therefore, assumed the liability of Xavier Contracting to the petitioner. With regard to Acocella, the petition alleged that, as the owner/manager of Xavier Contracting, Acocella had controlled and used the assets of Xavier Contracting for personal benefit and with the intent to hinder collection by the petitioner. The Supreme Court denied the petition on the basis that there was no evidence that there was an actual conveyance of monetary assets from Xavier Contracting to Xavier Construction or a basis upon which to pierce the corporate veil and impose personal liability upon Acocella.

CPLR 5225 (b) provides, in relevant part: "Payment or delivery of property of judgment debtor . . . (b) Property not in the possession of judgment debtor. Upon a special proceeding commenced by the judgment creditor, against a person *in possession or custody of money or other personal property in which the judgment debtor has an interest*, or against a person who is a *transferee of money or other personal property from the judgment debtor*, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment" (emphasis added).

In order to sustain its petition pursuant to CPLR 5225, the petitioner must assert that the garnishees (here the respondents) were in possession of money or assets that the judgment creditor (here the petitioner) has an interest in or that the garnishees were "transferees" of money or assets from the judgment debtor (here Xavier Contracting) and the judgment creditor's rights to that money or assets were superior to the garnishee's rights to the money or assets (*see Matter of WBP Cent. Assoc., LLC v DeCola*, 50 AD3d 693 [2008]; *Gelbard v Esses*, 96 AD2d 573, 575 [1983]). Here, the allegations in the petition centered on the commonalities allegedly shared by Xavier Contracting and Xavier Construction, and the role Acocella played in ultimately rendering Xavier Contracting insolvent. Notably, however, the petition did not actually allege that money or assets were transferred from Xavier Contracting to Xavier Construction or to Acocella, or that the respondents were actually in possession of money or assets in which the petitioner had an interest. Since no such allegation was made in the petition, the Supreme Court properly denied the petition.

The petitioner's remaining contention is without merit. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33707(U).]**