■ In the Matter of EAST 91ST STREET CRANE COLLAPSE LITIGATION. MARIA LEO, Respondent, v CITY OF NEW YORK et al., Defendants, and MATTONE GROUP CONSTRUCTION CO. LTD. et al., Appellants. LEON D. DEMATTEIS CONSTRUCTION CORPORATION, Third-Party Plaintiff, v SORBARA CONSTRUCTION CORP., Third-Party Defendant-Appellant. In the Matter of EAST 91ST STREET CRANE COLLAPSE LITIGATION. XHEVAHIRE SINANAJ et al., Respondents, v CITY OF NEW YORK et al., Defendants, and MATTONE GROUP CONSTRUCTION CO. LTD. et al., Appellants. [982 NYS2d 748]—

---

Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about April 26, 2013 and May 6, 2013, which, in these consolidated actions alleging wrongful death arising from a crane collapse, denied the motions of defendants Mattone Group Construction Co. Ltd., Mattone Group Ltd., and Mattone Group LLC (collectively Mattone) for, inter alia, summary judgment dismissing the complaints and all cross claims as against them, unanimously affirmed, with costs.

The court properly found triable issues of fact regarding whether Mattone may be held liable as, inter alia, a developer of the construction project (*see Thompson v St. Charles Condominiums*, 303 AD2d 152, 155 [1st Dept 2003], *lv dismissed* 100 NY2d 556 [2003]). The evidence shows that Mattone and another company submitted a joint proposal in 2004 in response to a request for bids by defendant New York City Educational Construction Fund (ECF) to develop the property, and that Mattone subsequently held itself out to the public as one of the developers, including after the 2008 accident.

The court also properly found triable issues of fact as to whether the corporate veil of any of Mattone's alleged subsidiaries should be pierced to hold Mattone liable. Among other relevant factors, the companies had the same chief executive officer, who has not been deposed, at least some of the companies shared the same mailing address, and Mattone's deponent indicated that the alleged subsidiaries were created to distance Mattone from the subject construction project (*see Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1st Dept 1996]).

We have considered Mattone's remaining arguments for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.