■ In the Matter of ELISSA ABREU, Respondent, v BARKIN & ASSOCIATES REAL ESTATE, LLC, et al., Appellants. [26 NYS3d 49]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about May 11, 2015, which granted the petition as to the causes of action for piercing the corporate veil, de facto merger, and an accounting, and so much of the cause of action for fraudulent conveyance as is based on the sale of certain assets of nonparty Barkin & Associates Realty, Inc. (Barkin Inc.), and denied the petition as to the part of the fraudulent conveyance cause of action based on Barkin Inc.'s payment of a salary to respondent Susan Barkin (Ms. Barkin), unanimously modified, on the law, to deny the petition with prejudice as to the cause of action for piercing the corporate veil and so much of the cause of action for fraudulent conveyance as is based on the sale of certain assets of Barkin Inc., and otherwise affirmed, without costs.

Contrary to respondents' claim, petitioner was entitled to bring a special proceeding instead of a plenary action (*see O'Brien-Kreitzberg & Assoc. v K.P., Inc.*, 218 AD2d 519 [1st Dept 1995]; *Matter of WBP Cent. Assoc., LLC v DeCola*, 50 AD3d 693 [2d Dept 2008]; *Matter of Goldberg & Connolly v Xavier Constr. Co., Inc.*, 94 AD3d 1117 [2d Dept 2012]).

The court erred by granting the cause of action to pierce Barkin Inc.'s corporate veil to impose liability on Ms. Barkin, the president and sole shareholder of the corporation. Petitioner failed to show that Ms. Barkin did not observe the corporate formalities (*see P.A. Bldg. Co. v Elwyn D. Lieberman, Inc.*, 227 AD2d 277, 279 [1st Dept 1996]; *see also East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126-127 [2d Dept 2009], *affd* 16 NY3d 775 [2011]).

The court also erred by granting so much of the cause of action for fraudulent conveyance as is based on Barkin Inc.'s sale of its telephone numbers, goodwill, and rights under a sublease to respondent Barkin & Associates Real Estate, LLC (Barkin LLC) for $20,000 (*see* Debtor and Creditor Law § 273-a). Barkin Inc.'s phone numbers, goodwill, and rights under a sublease were of value to Barkin LLC, but petitioner failed to show that they had any value as to her (*see Stokes Coal Co., Inc. v Garguilo*, 255 App Div 281, 282 [1st Dept 1938], *affd* 280 NY 616 [1939]). Petitioner also failed to show that $20,000 was not a "fair equivalent" for the items that Barkin Inc. sold (*see* Debtor and Creditor Law § 272 [a]).

The court correctly ordered a hearing as to so much of the cause of action for fraudulent conveyance as is based on Barkin Inc.'s payment of a salary to Ms. Barkin.

The court correctly held Barkin LLC liable for the judgment against Barkin Inc. under the theory of de facto merger. There

was continuity of ownership (*see Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [1st Dept 2005]) in that Ms. Barkin—the sole shareholder of Barkin Inc.—owned 51 units of Barkin LLC. To be sure, Ms. Barkin's daughter owned 49 units of Barkin LLC, but continuity of ownership does not mean identity of ownership (*see Matter of TBA Global, LLC v Fidus Partners, LLC*, 132 AD3d 195, 210 [1st Dept 2015]).

The record shows that "it was the intent of [Barkin LLC] to absorb and continue the operation of [Barkin Inc.]" (*Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 176 [1st Dept 2013] [internal quotation marks omitted]). Moreover, the de facto merger rule is "based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the *good will* purchased" (*Grant-Howard Assoc. v General Housewares Corp.*, 63 NY2d 291, 296 [1984] [emphasis added]). As noted, Barkin LLC purchased Barkin Inc.'s goodwill.

Respondents contend that petitioner is not entitled to an accounting, because she did not establish substantive liability on any of the three preceding causes of action. However, we have affirmed the grant of the cause of action of the petition alleging de facto merger.

We have considered respondents' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.