Matter of Arben Corp. v Durastone, LLC (2020 NY Slip Op 04475)





Matter of Arben Corp. v Durastone, LLC


2020 NY Slip Op 04475


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-02465
 (Index No. 63708/18)

[*1]In the Matter of Arben Corporation, appellant,
v
Durastone, LLC, et al., respondents-respondents, et al, respondent.


Berry Law PLLC, New York, NY (Eric W. Berry of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 52 to enforce a judgment, the petitioner appeals from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated January 11, 2019. The order granted the motion of Greenstone Precast, LLC, and James W. Duhamel and the separate motion of Durastone, LLC, and James R. Duhamel pursuant to CPLR 3211(a) to dismiss the petition.
ORDERED that the order is affirmed, without costs or disbursements.
In May of 2005, a judgment in the amount of $593,028.14 was entered in favor of the appellant and against Durastone, Inc., a Maine corporation, in an underlying breach of contract action in the Supreme Court, Westchester County. In the instant proceeding, the appellant seeks to enforce that judgment against Greenstone Precast, LLC, doing business as Durastone, LLC, (hereinafter Greenstone), "James Duhamel," and Durastone, LLC (hereinafter collectively the respondents), under an alter ego theory.
Initially, as the appellant contends, it may commence a proceeding pursuant to CPLR 5225(b) seeking to enforce a default judgment against an alleged successor in interest under an alter ego theory (see Matter of Goldman v Chapman, 44 AD3d 938, 939-940). However, we agree with the Supreme Court's determination directing dismissal of the petition on the ground that the appellant failed to meet its burden in demonstrating that the respondents were the alter egos of Durastone, Inc.
In order to sustain its petition pursuant to CPLR 5225, the appellant was required to assert that the respondents were in possession of money or assets in which the appellant had an interest or that the respondents were transferees of money or assets from Durastone, Inc., and that the appellant's rights to the money or assets were superior to the respondents' rights to the money or assets (see Matter of Goldberg & Connolly v Xavier Const. Co., Inc., 94 AD3d 1117, 1118). Unlike a complaint in a plenary action, a petition in a special proceeding must be accompanied by competent evidence (see Matter of FR Holdings, FLP v Homapour, 154 AD3d 936, 938). In a summary proceeding, a court is authorized to "make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409[b]; see Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc., 72 AD3d 694, 695).
Here, the appellant alleged that (1) Greenstone and Durastone, LLC, were liable for the debts of Durastone, Inc., on the ground that they were alter egos of Durastone, Inc.; and (2) James Duhamel was liable for the debts of Durastone, Inc., on the ground that he was an alter ego of Durastone, Inc. Generally, a party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). The mere claim that the corporation was completely dominated by the owners, or conclusory assertions that the corporation acted as their "alter ego," without more, will not suffice to support the equitable relief of piercing the corporate veil (see Damianos Realty Group, LLC v Fracchia, 35 AD3d 344). "The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances" (id. at 344).
Here, the appellant failed to allege that money or assets were transferred from Durastone, Inc., to the respondents or that the respondents were actually in possession of money or assets in which the appellant had an interest. Moreover, the respondents' submissions refute that contention. Accordingly, we agree with the Supreme Court's determination granting the motions to dismiss the petition (see CPLR 3211[a][7]; Matter of Goldberg & Connolly v Xavier Const. Co., Inc., 94 AD3d at 1118).
The appellant's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court