Matter of Rockefeller v Statement Servs., Corp. (2022 NY Slip Op 02550)

Matter of Rockefeller v Statement Servs., Corp.

2022 NY Slip Op 02550

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2019-08875
 (Index No. 614626/2018)

[*1]In the Matter of James Rockefeller, respondent,
v
Statement Services, Corp., appellant.

The Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for appellant.
The Scher Law Firm, LLP, Carle Place, NY (Austin Graff of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR 5225(b) to compel the turnover of property owed to a judgment debtor, Statement Services, Corp. appeals from an order of the Supreme Court, Nassau County (Sharon M. J. Gianelli, J.), entered June 6, 2019. The order granted the petition and directed Statement Services, Corp. to turn over to the petitioner the sum of $200,265, plus statutory interest and attorneys' fees, in satisfaction of a judgment against Barry J. Leon, Barry J. Leon CPA, P.C., Meadow Street Partners, LLC, and 40 HGD, L.P.
ORDERED that the order is affirmed, with costs.
In October 2018, the petitioner commenced this proceeding pursuant to CPLR 5225(b) against the respondent, Statement Services, Corp., seeking the turnover of funds to satisfy a judgment in the sum of $200,265, entered October 18, 2018 (hereinafter the judgment). The petitioner obtained the judgment against the respondent's president, Barry J. Leon, as well as Barry J. Leon CPA, P.C., Meadow Street Partners, LLC, and 40 HGD, L.P. (hereinafter 40 HGD), other entities controlled by Leon (hereinafter collectively the judgment debtors). The petition alleged that the judgment arose out of the judgment debtors' failure to pay on the date due the sum of $200,000, which was one of several installment payments owed to the petitioner by the judgment debtors pursuant to a settlement agreement dated August 2, 2017 (hereinafter the agreement), between the petitioner and the judgment debtors. The agreement indicated that Leon executed confessions of judgment in favor of the petitioner, on behalf of the judgment debtors, in the event of any default in payment of the installments. The petition further alleged that the respondent was the alter ego of both Leon and 40 HGD and that the respondent was in possession of money in which the judgment debtors had an interest. In support of the petition, the petitioner submitted: a transcript of deposition testimony given by Leon in a prior action, in which Leon averred that he controlled all of the assets of the respondent; evidence that the respondent had paid a prior installment owed by the judgment debtors under the agreement; and bank records showing transfers of large sums of money between the respondent's account and personal accounts belonging to Leon and joint accounts of Leon and certain family members. The petitioner also established that Leon caused the respondent to pay the debts of 40 HGD, another judgment debtor.
In an order entered June 6, 2019, the Supreme Court granted the petition and directed the respondent to turn over the sum of $200,265, plus statutory interest and attorneys' fees, in satisfaction of the judgment. The respondent appeals.
"CPLR 5225(b) provides for an expedited special proceeding by a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment" (Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918; see Matter of Sirotkin v Jordan, LLC, 141 AD3d 670, 671). Such a proceeding may also be maintained "against a person who is a transferee of money or other personal property from the judgment debtor" (CPLR 5225[b]; see Matter of Goldberg & Connolly v Xavier Constr. Co., Inc., 94 AD3d 1117, 1118; Matter of Federal Deposit Ins. Corp. v Conte, 204 AD2d 845, 846). A petitioner must show "that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee" (CPLR 5225[b]).
A proceeding pursuant to CPLR 5225(b) may be maintained under an alter ego theory (see Matter of Arben Corp. v Durastone, LLC, 186 AD3d 599, 599-600; Matter of Goldman v Chapman, 44 AD3d 938, 939-940). "Equity will intervene to 'pierce the corporate veil' and permit the assertion of claims against the individuals who control the corporation in order to avoid fraud or injustice" (Matter of Edrich v MMAL Corp., 134 AD3d 935, 936). The party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141; see Matter of Arben Corp. v Durastone, LLC, 186 AD3d at 601). The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances (see Flushing Plaza Assoc. #2 v Albert, 102 AD3d 737, 738-739; Pae v Chul Yoon, 41 AD3d 681, 681-682).
Here, the petitioner's submissions established, through a "reverse piercing" of the corporate veil, that Leon, as president of the respondent, had complete domination over the respondent and that he made unexplained transfers of large sums of money to and from the account of the respondent from his personal accounts and his joint accounts with members of his family shortly before the $200,000 installment payment at issue was due, and caused the respondent to pay the debts of 40 HGD, another judgment debtor. The petitioner showed that these transfers of funds impeded his ability to enforce the judgment such that he, and not the respondent, Leon, or 40 HGD, was entitled to possession of those funds (see e.g. Federal Deposit Ins. Corp. v Heilbrun, 167 AD2d 294, 294). To the extent that the respondent contends that any funds that Leon transferred to it or to 40 HGD were dissipated, CPLR 5225(b) "furnishes a mechanism for obtaining a money judgment against the recipient of a fraudulent conveyance who has, in the interim, spent or dissipated the property conveyed" (Matter of Federal Deposit Ins. Corp. v Conte, 204 AD2d at 846; see Federal Deposit Ins. Corp. v Heilbrun, 167 AD2d at 294).
The respondent's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the petition.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court