Taunton Metals of Fla., Inc. v Solutions in Stainless, Inc. (2025 NY Slip Op 00121)

Taunton Metals of Fla., Inc. v Solutions in Stainless, Inc.

2025 NY Slip Op 00121

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2020-05471
 (Index No. 32284/13)

[*1]Taunton Metals of Florida, Inc., etc., appellant,
v
Solutions in Stainless, Inc., etc., defendant, Daniel Katzman, respondent. (Matter No. 1)
In the Matter of Taunton Metals of Florida, Inc., appellant, 
v
Solutions in Stainless, Inc., etc., et al., respondents, Daniel Katzman, respondent-respondent. (Matter No. 2)

The Schutzer Group, PLLC, New York, NY (Eric P. Schutzer of counsel), for appellant.
O'Connell, Attmore & Miller, LLC, Scarsdale, NY (Marc T. Miller of counsel), for respondent in Matter No. 1 and respondent-respondent in Matter No. 2.
In an action, inter alia, to recover payment for goods sold and delivered, and a related proceeding pursuant to CPLR article 52 to enforce a judgment, Taunton Metals of Florida, Inc., the plaintiff in Matter No. 1 and the petitioner in Matter No. 2, appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 15, 2020. The order denied the petition in Matter No. 2 and denied the motion of Taunton Metals of Florida, Inc., in Matter No. 1 (1) pursuant to CPLR 5015(a)(3) to vacate an order of the same court dated March 4, 2014, granting the motion of Daniel Katzman, a defendant in Matter No. 1 and a respondent in Matter No. 2, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and denying the cross-motion of Taunton Metals of Florida, Inc., for leave to amend the complaint, (2) for leave to amend the caption to add certain additional defendants, and (3) for leave to amend the complaint.

DECISION & ORDER
Motion by Daniel Katzman to dismiss the appeal on the ground that the dismissal of prior appeals for failure to timely perfect precludes consideration of the issues to be raised on this appeal pursuant to Bray v Cox (38 NY2d 350). By decision and order on motion of this Court dated February 10, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted to the extent that the appeal from so much of the order dated June 15, 2020, as denied that branch of the motion of Taunton Metals of Florida, Inc., which was for leave to amend the complaint is dismissed, and the [*2]motion is otherwise denied; and it is further,
ORDERED that the order dated June 15, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to Daniel Katzman.
Taunton Metals of Florida, Inc. (hereinafter Taunton), allegedly sold and delivered an amount of stainless steel to Solutions in Stainless, Inc. (hereinafter Solutions). In April 2013, Taunton commenced an action against Solutions and Daniel Katzman, the president and sole owner of Solutions, inter alia, to recover amounts due and owing by Solutions. Taunton alleged, among other things, that Daniel Katzman was personally liable for Solutions' debts on a personal guaranty and by way of piercing the corporate veil. In an order dated March 4, 2014, the Supreme Court granted Daniel Katzman's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, in effect, for failure to state a cause of action and denied Taunton's cross-motion for leave to amend the complaint, inter alia, to add factual allegations and causes of action alleging violations of the Debtor and Creditor Law. Taunton appealed from this order, but the appeal was dismissed upon Taunton's failure to timely perfect the appeal.
Solutions and Taunton entered into a stipulation whereby Solutions consented to the entry of a judgment against it and withdrew all denials and affirmative defenses in its answer. Thereafter, Taunton moved, among other things, for leave to amend the complaint to include additional factual allegations and causes of action, including causes of action alleging violations of the Debtor and Creditor Law. In an order dated September 27, 2017, the Supreme Court, inter alia, denied those branches of the motion. Taunton appealed from this order, but the appeal was dismissed upon Taunton's failure to timely perfect the appeal. A judgment dated November 17, 2017, was entered in favor of Taunton and against Solutions.
In April 2018, as the judgment remained unsatisfied, Taunton commenced a proceeding pursuant to CPLR article 52 to enforce the judgment, among other things, by piercing the corporate veil of Solutions in order to hold Daniel Katzman personally liable for Solutions' debt, and by recovering funds allegedly held by Daniel Katzman, Rachel Katzman, and Local Only, Inc. (hereinafter Local Only). In the alternative, Taunton moved in the action pursuant to CPLR 5015(a)(3) to vacate the March 4, 2014 order, for leave to amend the caption to add Rachel Katzman and Local Only as defendants, and for leave to amend the complaint to assert additional factual allegations and causes of action, including causes of action alleging violations of the Debtor and Creditor Law, similar to those proposed in connection with Taunton's prior motions. In an order dated June 15, 2020, the Supreme Court denied the petition and the motion. Taunton appeals.
As a general rule, this Court does not consider an issue on a subsequent appeal that was raised, or could have been raised, on an earlier appeal that was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 756; Bray v Cox, 38 NY2d 350, 353; Pennymac Corp. v Pryce, 211 AD3d 1029, 1030). Here, we decline to exercise that jurisdiction to consider the denial of that branch of Taunton's motion which was for leave to amend the complaint, as it raises issues that could have been raised on the prior unperfected appeals that were dismissed for failure to timely perfect. In contrast, and contrary to Daniel Katzman's contention, the denial of the petition and the remaining branches of Taunton's motion were not issues that could have been raised on the prior appeals and, therefore, are subject to review on this appeal.
In a special proceeding, "[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409[b]; see Matter of Saadia Safdi Realty, LLC v Press, 207 AD3d 633, 635). "CPLR 5225(b) provides for an expedited special proceeding by a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment" (Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918 [citation [*3]omitted]; see Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 920, 921; Matter of Arben Corp. v Durastone, LLC, 186 AD3d 599, 600). Such a proceeding may also be maintained "against a person who is a transferee of money or other personal property from the judgment debtor" (CPLR 5225[b]; see Matter of Goldberg & Connolly v Xavier Constr. Co., Inc., 94 AD3d 1117, 1118). In order to sustain a petition pursuant to CPLR 5225(b), a petitioner must establish that the respondent was in possession of money or assets in which the petitioner had an interest or that the respondent was a transferee of money or assets from the judgment debtor and that the petitioner's rights to the money or assets were superior to the respondent's rights to the money or assets (see Matter of Rockefeller v Statement Servs., Corp., 204 AD3d at 921; Matter of Arben Corp. v Durastone, LLC, 186 AD3d at 600; Matter of MRI Enters., Inc. v Hausknecht, 142 AD3d 1078, 1080). Here, the Supreme Court properly denied the petition, as Taunton failed to establish its prima facie entitlement to summary determination of the proceeding, including under the doctrines of res judicata and collateral estoppel, or to raise a triable issue of fact warranting a hearing (see Matter of DePetris v Traina, 211 AD3d 939, 942; Matter of Arben Corp. v Durastone, LLC, 186 AD3d at 600-601; Matter of MRI Enters, Inc. v Hausknecht, 142 AD3d at 1079-1080; Matter of Goldman v Chapman, 44 AD3d 938, 939-940).
The Supreme Court providently exercised its discretion in denying that branch of Taunton's motion which was pursuant to CPLR 5015(a)(3) to vacate the March 4, 2014 order. Under CPLR 5015(a), a court is empowered to vacate an order for several reasons, including fraud, misrepresentation, or other misconduct by an adverse party (see HSBC Bank USA, N.A. v Alexis, 195 AD3d 600, 601; Nationstar Mtge., LLC v Russo, 167 AD3d 913, 914). Where, as here, allegations of fraud, misrepresentation, or misconduct were readily obtainable prior to the time the order was issued, the allegations constitute nothing more than newly interposed theories that could have been asserted prior to issuance of the order, and the order may not be vacated on those grounds (see Washington Mut. Bank v Baldera, 208 AD3d 1278, 1280; Citimortgage, Inc. v Roque, 202 AD3d 1041, 1042-1043).
Taunton's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court