■ TRIBORO FASTENER & CHEMICAL PRODUCTS CORP., Respondent, v FRANCIS A. LEE et al., Appellants. [653 NYS2d 960] —In an action, *inter alia,* for a lien against proceeds transferred by nonparty Cole Restoration Corp. to the defendant Francis A. Lee Exterior Restoration Corp., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered January 10, 1996, as denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the grounds of collateral estoppel and/or res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Triboro Fastener & Chemical Products Corp. (hereinafter Triboro), obtained a default judgment in the sum of $72,321 against nonparty Cole Restoration Corp. (hereinafter Cole), a business owned by the defendant Francis A. Lee. After its efforts to recover the damages from Cole were unsuccessful, Triboro served a restraining notice upon Riverside Towers Corp. (hereinafter Riverside), which had retained Cole as the general contractor of an ongoing construction project. Triboro was not involved in Riverside's project. Riverside's attorneys placed twice the amount specified in Triboro's restraining notice into an escrow account for the benefit of subcontractors and materialmen. Triboro commenced a proceeding against Cole, Riverside, and another party pursuant to CPLR 5225 to force Riverside to release a portion of these funds. The Supreme Court, New York County, ruled that the account constituted a statutory trust under Lien Law article 3-A and could not be drawn upon by Triboro.

Triboro then commenced the instant action against the defendants alleging, *inter alia,* that they had fraudulently transferred funds payable to Cole by Riverside into other corporate accounts despite the pendency of the restraining notice and the outstanding default judgment against Cole. More than one year after the commencement of the action, the defendants moved to dismiss the complaint contending, *inter alia,* that the prior ruling by the Supreme Court, New York County, was res judicata or collateral estoppel. The Supreme Court properly found that the defendants' contentions are devoid of merit.

Res judicata bars future litigation between the same parties on the same cause of action (*see, e.g., Matter of Hodes v Axel-*

*rod,* 70 NY2d 364). The previous proceeding commenced by Triboro in New York County was against different defendants, and was a proceeding pursuant to CPLR 5225 to compel the release of certain funds maintained in a particular escrow account. The issues in the instant action were not addressed or decided in that proceeding.

Collateral estoppel also is inapplicable. Collateral estoppel precludes relitigation of an issue which was actually and necessarily decided in a prior action or proceeding (*see, Koether v Generalow,* 213 AD2d 379, 380; 73 NY Jur 2d, Judgments § 321). There must have been a full and fair opportunity to litigate the issue alleged to have been determined (*see, e.g., D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, *cert denied* 488 US 1005; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65), and the identity of issues must be such that "a different judgment in the second [action] would destroy or impair rights or interests established by the first" (*Schuykill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 307). The defendants have failed to establish the existence of any of these elements here. O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.