■ Robert Prichard et al., Appellants, v 164 Ludlow Corp. et al., Defendants, and Alexandra Wolcott, Also Known as Sandra Wolcott, et al., Respondents. [854 NYS2d 53]—

The cause of action for fraudulent inducement with respect to plaintiffs' initial investment in defendant 164 Ludlow Corp. was properly dismissed as barred by the statute of limitations (CPLR 213 [8]; see Siler v Lutheran Social Servs. of Metro. N.Y., 10 AD3d 646, 648 [2004]). Plaintiffs entered into the contract to purchase shares in the corporation, i.e., they completed the act that the alleged fraudulent statements had induced, on September 9, 1997. Accordingly, they had six years from that date, i.e., until September 9, 2003, to commence their action. The action was not commenced until May 13, 2005. Even assuming the fraud was not discovered until "late 1999," as alleged in the complaint, the claim was time-barred because the action was commenced more than two years from "late 1999."

The cause of action for lulling fraud was properly dismissed, not because it was untimely, as the motion court concluded, but because it failed to state a cause of action. The statute of limitations for fraud applies to causes of action alleging that one party

lulled another into sitting on its rights until after the statute of limitations expired (*see Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264 [1937]; *De Vito v New York Cent. Sys.*, 22 AD2d 600, 603 [1965]). Thus, according plaintiffs the benefit of every possible inference, to wit, that the false representations made by defendants-respondents that lulled plaintiffs into sitting on their rights began in March 2001 and continued through May 2002, plaintiffs' action was timely, since it was commenced within six years of the alleged fraud (CPLR 213 [8]). However, the complaint contains no allegation of false statements made by defendants-respondents. All the alleged fraudulent representations were made by counsel for the corporation, and plaintiffs have submitted no evidence that would support the conclusion that the corporation's counsel, which was representing the corporation with respect to its alleged breach of a buy-out agreement entered into with plaintiffs, was also representing defendants-respondents personally.

The cause of action for breach of contract was properly dismissed for failure to allege sufficient facts to justify piercing the corporate veil. Moreover, further discovery will not cure the defects. Only in conclusory terms have plaintiffs alleged how defendants-respondents controlled the corporation with respect to its failure to pay under the buyout agreement (*see Sheridan Broadcasting Corp. v Small*, 19 AD3d 331 [2005]). They simply speculate that defendants-respondents may have received monies from the corporation that plaintiffs believe should have been used to pay them. The fact that defendants-respondents maintained control over the corporation as members of the board of directors and thus directed the payment of its debt is not sufficient to support a finding that they had the requisite control to use the corporation for their own personal benefit or that they abused the corporate form to injure plaintiffs (*see Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1996]).

We have considered plaintiffs' remaining contentions and find them without merit. Concur—Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ. [*See* 14 Misc 3d 1202(A), 2006 NY Slip Op 52381(U).]