612 WORTMAN, LLC, Appellant, v VARSITY BUS CO., INC., Defendant, and ANDREW BRETTSCHNEIDER et al., Respondents.
[29 NYS3d 46]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated February 6, 2015, as granted that branch of the motion of the defendants Andrew Brettschneider and Stanley Brettschneider which was for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of its cross motion which was pursuant to CPLR 3126 to impose sanctions against the defendants Andrew Brettschneider and Stanley Brettschneider.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is an unsecured contract creditor of the defendant Varsity Bus Co., Inc. (hereinafter Varsity). The defendant Andrew Brettschneider is the president and sole director of Varsity, and the defendant Stanley Brettschneider (hereinafter together the Brettschneiders) is Andrew Brettschneider's father.

The plaintiff commenced this action to recover damages for breach of contract against Varsity, and it also sought to hold the Brettschneiders personally liable under the trust fund doctrine and through the equitable doctrine of piercing the corporate veil.

Contrary to the plaintiff's contention, the Brettschneiders established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover under the trust fund doctrine by establishing that the plaintiff had failed to exhaust its legal remedies against Varsity (see Aldoro, Inc. v Gold Force Intl. Ltd., 52 AD3d 223 [2008]). "[A] simple contract creditor may not invoke the [trust fund] doctrine to reach transferred assets before exhausting legal remedies by obtaining judgment on the debt and having execution returned unsatisfied" (Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 550 [2000]).

The Brettschneiders also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to pierce the corporate veil. "While complete domination of the corporation is the key to piercing the

corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993] [citation omitted]). Here, apart from conclusory allegations (*see Prichard v 164 Ludlow Corp.*, 49 AD3d 408 [2008]; *UMG Recs., Inc. v FUBU Records, LLC*, 34 AD3d 293 [2006]), the only evidentiary facts alleged to justify piercing the corporate veil was the repayment by Varsity of an antecedent secured debt, using funds in which the creditor had a security interest. The Brettschneiders established, prima facie, that there was nothing wrongful or unjust about the alleged conduct (*see Ultramar Energy v Chase Manhattan Bank*, 191 AD2d 86 [1993]).

In opposition, the plaintiff failed to raise a triable issue of fact. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying a motion for summary judgment" (*Frank v Continental Cas. Co.*, 123 AD3d 878, 881 [2014]; *see Heim v Tri-Lakes Ford Mercury, Inc.*, 25 AD3d 901 [2006]). Accordingly, the Supreme Court properly granted that branch of the Brettschneiders' motion which was for summary judgment dismissing the complaint insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contention is without merit. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.