▌▌ In the Matter of MRI ENTERPRISES, INC., Appellant, v ALLAN HAUSKNECHT, Respondent. [38 NYS3d 220]—

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

In a turnover proceeding pursuant to CPLR 5225 (b), the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated October 1, 2013, which, upon reargument, adhered to a prior determination in an order of the same court dated July 9, 2013, granting the respondent's motion pursuant to CPLR 3211 to dismiss the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 25, 2008, the petitioner commenced an action entitled *MRI Enters., Inc. v Comprehensive Med. Care of N.Y., P.C.*, in Supreme Court, Nassau County, under index No. 1636/08 (hereinafter the underlying action), against nonparty Comprehensive Medical Care of New York, P.C. (hereinafter CMC), and the respondent, Allan Hausknecht, the president of CMC, to recover amounts due and owing by CMC to the petitioner under certain agreements entered into between them. With respect to the respondent, the petitioner alleged, among other things, that he caused CMC to make numerous

fraudulent transfers to himself without fair consideration, at a time when CMC had unreasonably small capital, and with actual intent to hinder, delay, and defraud its creditors. The petitioner further alleged that the respondent breached a fiduciary duty to it to protect and preserve CMC's assets by causing CMC to transfer money to himself. By order dated July 21, 2008, the Supreme Court granted the respondent's motion pursuant to CPLR 3211 (a) (7) to dismiss the underlying action insofar as asserted against him for failure to state a cause of action. On August 20, 2012, the petitioner obtained a judgment against CMC in the sum of $497,437.42.

In April 2013, the petitioner commenced the instant turnover proceeding pursuant to CPLR 5225 (b) against the respondent alleging that the judgment against CMC remains unsatisfied and that CMC's assets "constituted a trust fund for the benefit of its creditors." The petitioner alleged that the respondent "wrongfully and unlawfully preferred himself to the creditors of [CMC], of which petitioner was one," by causing CMC to transfer money to himself. By order dated July 9, 2013, the Supreme Court granted the respondent's motion pursuant to CPLR 3211 to dismiss the proceeding. The court determined that the proceeding was barred by the doctrine of res judicata to the extent that it was based on transfers occurring prior to April 9, 2008, when the underlying action was commenced. The court also determined that the proceeding must be dismissed insofar as it was based upon transfers occurring after April 9, 2008, on the ground that the "petitioner did not obtain the status of judgment creditor until the judgment was filed" and "[a]ll of these transfers occurred before August 20, 2012." The petitioner moved for leave to reargue, and upon re-argument, the court adhered to its original determination. The petitioner appeals.

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Harris v City of New York*, 121 AD3d 852, 854 [2014] [internal quotation marks omitted]; *see Triboro Fastener & Chem. Prods. Corp. v Lee*, 236 AD2d 603, 603-604 [1997]). "Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (*Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]; *see Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 408-409 [2005]). Here, since the dismissal of the underlying action against the respondent

pursuant to CPLR 3211 (a) (7) was not on the merits (*see Djoganopoulos v Polkes*, 67 AD3d at 727; *Asgahar v Tringali Realty, Inc.*, 18 AD3d at 408-409), the Supreme Court erred in adhering to so much of its original determination as granted that branch of the respondent's motion which was to dismiss the proceeding on the ground of res judicata.

Nevertheless, the Supreme Court properly adhered to its original determination granting the respondent's motion to dismiss the petition based upon the insufficiency of the petitioner's allegations. "According to the express language of CPLR 5225 (b), a judgment creditor must first establish that the judgment debtor has an interest in the property held by the third party, and then must demonstrate either that the judgment debtor is entitled to possess the property or that the judgment creditor has a right to the property superior to that of the party who possesses it" (*Matter of Miraglia v Essex Ins. Co.*, 96 AD3d 945, 945 [2012]). Here, the court properly determined that the petitioner, who did not become a judgment creditor until August 29, 2012, failed to allege facts that would establish that its rights to the property transferred by CMC to the respondent prior to August 29, 2012, were superior to the respondent's rights to the property as of the time of those alleged transfers.

Contrary to the petitioner's contention, the petition fails to sufficiently allege facts to warrant application of the trust fund doctrine. Under the " 'trust fund doctrine' . . . officers and directors of an insolvent corporation are said to hold the remaining corporate assets in trust for the benefit of its general creditors" (*Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 549 [2000]; *see Julien J. Studley, Inc. v Lefrak*, 66 AD3d 208, 213-214 [1979], *affd* 48 NY2d 954 [1979]). "The application of the trust fund doctrine in New York customarily has been for the purpose of imposing liability on corporate directors or transferees for wrongful dissipation of assets of an insolvent corporation, in actions later brought by court-appointed receivers, trustees in bankruptcy or judgment creditors" (*Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d at 550). A contract creditor "may not invoke the doctrine to reach transferred assets before exhausting legal remedies by obtaining judgment on the debt and having execution returned unsatisfied" (*id.*; *see 612 Wortman, LLC v Varsity Bus Co., Inc.*, 137 AD3d 1251, 1251 [2016]).

Here, the petition did not allege that CMC was insolvent at the time of any transfers of money to the respondent (*see generally Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94

NY2d at 549). While the petitioner alleges, in conclusory fashion, that "no part of the judgment has been paid," it fails to allege that it exhausted its legal remedies against CMC by having execution of the judgment returned unsatisfied. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.