■ US Bank, N.A., as Trustee for GSAMP Trust 2005-AHL2 Mortgage Pass-Through Certificates Series 2005-AHL2, Respondent, v Lori Zwisler, Appellant, et al., Defendants. [46 NYS3d 213]—

In an action to foreclose a mortgage, the defendant Lori Zwisler appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered September 5, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference are denied.

On September 26, 2005, the defendant Lori Zwisler (hereinafter the defendant) executed a note in the amount of $372,500 in favor of nonparty Home Funds Direct. The note was secured by a mortgage on residential property in Hicksville. On May 16, 2012, the plaintiff commenced this foreclosure action, alleging that the defendant defaulted under the terms of the note by failing to make the payments due on and after September 1, 2008. In her answer, the defendant asserted the defense of lack of standing.

Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed on the ground, among other things, that the plaintiff lacked standing. The Supreme Court granted the plaintiff's motion.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]). "Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief" (*Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015] [internal quotation marks omitted]). A plaintiff in a mortgage foreclosure action has standing where it is the holder of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, the plaintiff failed to demonstrate, prima facie, that it was a holder or assignee of the note prior to commencement of the action (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684). A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (*Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674 [2007]; *see* UCC 3-104 [2] [d]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201 [b] [21]; *see* UCC 3-301 ["The holder of an instrument whether or not he is the owner may . . . enforce payment in his own name"]). Where an instrument is indorsed in blank, it may be negotiated by delivery (*see* UCC 3-202 [1]; 3-204 [2]).

The plaintiff submitted the note with an allonge containing an endorsement, but the endorsement was not made in blank or payable to the plaintiff. Therefore, the plaintiff failed to demonstrate, prima facie, that it was a holder of the note within the meaning of UCC 1-201 (b) (21). Furthermore, the plaintiff failed to demonstrate, prima facie, its status as an assignee of the note. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, regardless of the sufficiency of the defendant's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.

Motion by the plaintiff, inter alia, to dismiss an appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered September 5, 2014, on the ground that the exhibits included in the record on appeal are set forth in the incorrect order. By decision and order on motion dated December 14, 2015, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal on the ground that the exhibits included in the record on appeal are set forth in the incorrect order is denied. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.