Ocwen Loan Servicing, LLC v Fitzgerald (2019 NY Slip Op 00451)





Ocwen Loan Servicing, LLC v Fitzgerald


2019 NY Slip Op 00451


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-11255
2015-11258
 (Index No. 50084/15)

[*1]Ocwen Loan Servicing, LLC, respondent, 
v
John Fitzgerald, et al., appellants, et al., defendants.


John C. Wirth, Jr., Poughkeepsie, NY, for appellants.
RAS Boriskin, LLC (Greenberg Traurig, LLP, New York, NY [Shan P. Massand], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants John Fitzgerald and Sandra Fitzgerald appeal from two orders of the Supreme Court, Dutchess County (Maria G. Rosa, J.), both dated September 18, 2015. The first order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants John Fitzgerald and Sandra Fitzgerald and denied those branches of their cross motion which were to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(3) for lack of standing and to strike the complaint insofar as asserted against them pursuant to CPLR 3126(3) for failure to comply with discovery demands. The second order, insofar as appealed from, struck the answer of the defendants John Fitzgerald and Sandra Fitzgerald and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In November 2006, the defendants John Fitzgerald and Sandra Fitzgerald (hereinafter together the defendants) executed a promissory note in the sum of $127,200 in favor of nonparty IndyMac Bank, FSB (hereinafter IndyMac). The note was secured by a mortgage encumbering real property in Pleasant Valley, executed by the defendants in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for IndyMac. The note was endorsed in blank by IndyMac. The defendants defaulted on the loan by failing to make the installment payment due November 1, 2010, and each month thereafter. On July 13, 2011, MERS, as nominee for IndyMac, assigned the mortgage and the note to One West Bank FSB (hereinafter One West). The note was transferred to the plaintiff by physical delivery on April 22, 2014. An assignment executed on January 7, 2015, assigned the mortgage from One West to the plaintiff.
In November 2014, the plaintiff commenced this foreclosure action. The defendants answered and the plaintiff moved, inter alia, for summary judgment on the complaint. The defendants cross-moved, among other things, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(3) for lack of standing and to strike the complaint insofar as asserted against them for failure to respond to the defendants' discovery demand for document production [*2]pursuant to CPLR 3126(3). The Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint and denied the defendants' cross motion.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (US Bank, N.A. v Zwisler, 147 AD3d 804, 805 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief" (Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628 [internal quotation marks omitted], affd 25 NY3d 355; see US Bank, N.A. v Zwisler, 147 AD3d at 805). "A plaintiff in a mortgage foreclosure action has standing where it is the holder of the underlying note at the time the action is commenced" (US Bank, N.A. v Zwisler, 147 AD3d at 805; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, in support of that branch of its motion which was for summary judgment on the complaint, the plaintiff submitted the summons and complaint, the note and mortgage, proof of the defendants' default, and an affidavit of its employee, Richard Work, a contract management coordinator. Work averred that the plaintiff received physical delivery of the note on April 22, 2014. Thus, the plaintiff established, prima facie, that it was in possession of the note at the time the action was commenced.
Contrary to the defendants' contentions, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see UCC 3-204[2]). Further, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). In addition, Work's affidavit was in admissible form (see Federal Natl. Mtge. Assn. v Yakaputz II, Inc., 141 AD3d 506, 507).
In opposition to the plaintiff's motion, the defendants failed to raise a triable issue of fact. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying a motion for summary judgment" (612 Wortman, LLC v Varsity Bus Co., Inc., 137 AD3d 1251, 1252 [internal quotation marks omitted]).
The defendants' remaining contentions are without merit.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court