Bank of N.Y. Mellon v Ettinger (2019 NY Slip Op 07759)





Bank of N.Y. Mellon v Ettinger


2019 NY Slip Op 07759


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-11515
 (Index No. 1107/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Michael L. Ettinger, etc., appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael L. Ettinger appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Dutchess County (James V. Brands, J.), dated August 28, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered February 14, 2017, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael L. Ettinger, to strike that defendant's answer, and for an order of reference, granted the plaintiff's separate motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael L. Ettinger, to strike that defendant's answer, and for an order of reference, and the plaintiff's separate motion to confirm the referee's report and for a judgment of foreclosure and sale, are denied, and the order entered February 14, 2017, is modified accordingly.
By summons and complaint dated March 13, 2015, the plaintiff commenced this action against the defendant Michael L. Ettinger (hereinafter the defendant), among others, to foreclose a consolidated mortgage. In his answer, the defendant raised the affirmative defenses of lack of standing and failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, arguing, inter alia, that the plaintiff failed to establish its standing to commence the action and failed to establish compliance with RPAPL 1304. In an order entered February 14, 2017, the Supreme Court granted the plaintiff's motion. In an order and judgment of foreclosure and sale (one paper) dated August 28, 2017, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property. The defendant appeals. This Court granted the defendant's motion to stay the sale of the subject property pending hearing and determination of this appeal.
RPAPL 1304(1), which applies to residential foreclosure actions, provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, "the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, . . . [which] is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of a representative of its loan servicer. The affidavit was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the representative did not attest to knowledge of the mailing practices of the entity which sent the notice, and provided no independent proof of the actual mailing (see U.S. Bank N.A. v Cope, 175 AD3d 527, 529-530; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 738; U.S. Bank N.A. v Henry, 157 AD3d 839, 842). Since the plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Cope, 175 AD3d at 529-530; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; U.S. Bank N.A. v Henry, 157 AD3d at 841-842; Investors Sav. Bank v Salas, 152 AD3d 752, 753-754).
The plaintiff also failed to establish its standing to commence the instant action. A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1207). Here, a triable issue of fact exists as to whether the plaintiff was the holder of the note at the time the action was commenced. A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code (see UCC 3-104[2][d]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845; US Bank, N.A. v Zwisler, 147 AD3d 804, 806; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674). A "holder" is the "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301). Where an instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]).
"The attachment of a properly endorsed note to the complaint may be sufficient to establish, prima facie, that the plaintiff is the holder of the note at the time of commencement" (Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223). Here, the plaintiff appended a copy of the note to the complaint, but the plaintiff is not the original lender, and the note was not endorsed. In support of its motion for summary judgment, the plaintiff submitted an allonge bearing an undated endorsement in blank, as well as the affidavit of a representative of the loan servicer, dated March 31, 2016, who stated that the plaintiff was in possession of the note, but who did not attest that the plaintiff possessed the note prior to the commencement of the action, or that she had personal knowledge of such possession. The plaintiff's submissions therefore failed to establish, prima facie, that the plaintiff was the holder of the note at [*2]the time of commencement of this action in March 2015 (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 846; Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d at 638; U.S. Bank Nat. Assn. v Handler, 140 AD3d 948, 949; cf. U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court