HSBC Bank USA, N.A. v Carchi (2019 NY Slip Op 08177)





HSBC Bank USA, N.A. v Carchi


2019 NY Slip Op 08177


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07849
 (Index No. 712857/16)

[*1]HSBC Bank USA, N.A., etc., respondent, 
v
Maria Carchi, et al., appellants, et al., defendants.


Brian M. Levine, Hicksville, NY, for appellants.
Houser & Allison, APC, New York, NY (Kathleen M. Murphy and Kathleen M. Massimo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maria Carchi and Jose Dutan appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered May 17, 2017. The order denied those defendants' motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the doctrine of collateral estoppel.
ORDERED that the order is affirmed, with costs.
In 2011, the plaintiff commenced a foreclosure action (hereinafter the 2011 action) against, among others, the defendants Maria Carchi and Jose Dutan (hereinafter together the defendants). The defendants moved in that action, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the defendants' motion, determining that the defendants had established, as a matter of law, that the plaintiff lacked standing to maintain the 2011 action, as it was not in possession of the original note with a proper endorsement and/or allonge at the time it commenced the action. The court further determined that the plaintiff failed to raise a triable issue of fact in opposition.
The plaintiff commenced the instant action in October 2016. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as barred by the doctrine of collateral estoppel, contending that the factual issues underlying the plaintiff's claims in the instant action had been adjudicated previously in the 2011 action. The Supreme Court denied the motion, and the defendants appeal.
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Bank of N.Y. Mellon v Chamoula, 170 AD3d at 790; Karakash v Trakas, 163 AD3d 788, 789; Clifford v County of Rockland, 140 AD3d 1108, 1110).
In both the 2011 action and the instant action, the defendants raised the plaintiff's lack of standing as an affirmative defense. Where the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21]; see UCC 3-301; Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845-846; US Bank, N.A. v Zwisler, 147 AD3d 804, 806). A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674; see UCC 3-104[2][d]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845; US Bank, N.A. v Zwisler, 147 AD3d at 806). To confer standing on the plaintiff as a holder, the promissory note must bear an indorsement either on the note itself, "or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]). A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, properly endorsed "either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301), either on the note itself, "or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]), was among the exhibits annexed to the complaint at the time the action was commenced (see e.g. U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091; Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992; U.S. Bank N.A. v Duthie, 161 AD3d 809, 811; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492-493; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
Here, the defendants failed to demonstrate that the issue of the plaintiff's standing to commence the 2011 action is identical to the issue of the plaintiff's standing to commence the instant action. Since the defendants failed to meet their burden of showing "the identity of the issues" (Matter of Dunn, 24 NY3d at 704; see U.S. Bank N.A. v Friedman, 175 AD3d 1341, 1342-1343; Bank of N.Y. Mellon v Chamoula, 170 AD3d at 790-791), we agree with the Supreme Court's determination denying the defendants' motion, inter alia, to dismiss the complaint insofar as asserted against them as barred by the doctrine of collateral estoppel.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court