Deutsche Bank Natl. Trust Co. v Motzen (2022 NY Slip Op 04289)

Deutsche Bank Natl. Trust Co. v Motzen

2022 NY Slip Op 04289

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-13086
 (Index No. 704091/15)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Fischel Motzen, respondent, et al., defendants.

Blank Rome, LLP, New York, NY (Andrea M. Roberts of counsel), for appellant.
Law Office of Laurence D. Gerowitz, P.C., New York, NY, for respondent and defendant Chabad of Flushing, Inc.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated September 30, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Fishel Motzen, to strike his answer and dismiss his affirmative defenses and counterclaims, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2006, the defendant Fishel Motzen borrowed the sum of $660,000 from the plaintiff's predecessor in interest. The loan was memorialized by a note and secured by a mortgage encumbering certain real property in Queens. Motzen allegedly defaulted on the note and mortgage by failing to pay the monthly installments of principal and interest due on April 1, 2007, and thereafter.
In April 2015, the plaintiff commenced this action to foreclose the mortgage. Motzen interposed an answer with affirmative defenses and counterclaims. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against Motzen, to strike his answer and dismiss his affirmative defenses and counterclaims, and for an order of reference. By order dated September 30, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674; see UCC 3-104[2][d]; US Bank, N.A. v Zwisler, 147 AD3d 804, 806). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21]; see id. § UCC 3-301). An endorsement made on a negotiable instrument, whether a specific endorsement or an endorsement in blank, must be on the instrument or on a paper so "firmly affixed thereto as to become a part thereof" (id. § 3-202[2]). Whether a paper is firmly affixed to an instrument is a determination to be made based upon a review of the documentary evidence submitted to the court. A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, endorsed either in blank or to its order, was among the exhibits annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Fisher, 169 AD3d 1089).
Here, the plaintiff established that a copy of the note was annexed to the complaint. However, contrary to the plaintiff's assertion, it cannot be ascertained from the copy of the note annexed to the complaint whether the separate page that bears the endorsement to the plaintiff was stamped on the back of the note or on an allonge. If the endorsement was on an allonge, the plaintiff was required to prove that the allonge was "so firmly affixed [to the note] as to become a part thereof," as required by UCC 3-202(2). Under the circumstances, the plaintiff failed to eliminate all triable issues of fact as to standing, despite having attached a copy of the note to the complaint at the time the action was commenced (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516).
Moreover, the affidavit of a representative of the plaintiff's servicing agent, submitted by the plaintiff in support of its motion, also failed to establish the plaintiff's standing as the holder of the note at the time the action was commenced. While the affiant stated, based on his examination of unspecified "business records" related to the subject mortgage loan, that the servicing agent, on behalf of the plaintiff, obtained possession of the note on April 7, 2014, and remained in possession of the note on the date this action was commenced, he failed to annex the subject business records to his affidavit. As such, the averments regarding the contents of those business records were inadmissible hearsay (see Wells Fargo Bank, N.A. v Malek, 199 AD3d 1040; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Motzen, to strike his answer and dismiss his affirmative defenses and counterclaims, and for an order of reference.
In light of our determination, we need not reach the plaintiff's remaining contentions.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court