Lemena Holdings LLC v Wo Kee Noodle Inc. (2025 NY Slip Op 51384(U))

[*1]

Lemena Holdings LLC v Wo Kee Noodle Inc.

2025 NY Slip Op 51384(U)

Decided on September 2, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 2, 2025
Civil Court of the City of New York, Queens County

Lemena Holdings LLC, Petitioner,

against
Wo Kee Noodle Inc., & XYZ CORP., Respondents

Index No. LT-308685-25/QU

Petitioner
Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP 
119 No. Park Avenue, Suite 201 
Rockville Centre, New York 11570 
(516) 569-9539 
Respondent
Roger Keith Marion 
488 Madison Ave Rm 1120 
New York, New York 10022-5719 
(212) 658-0350

Mark Kagan, J.

The respondent Wo Kee Noodle Inc. has moved pursuant to CPLR 3211 seeking to dismiss the petition on the grounds the claims are barred by a prior action. The respondent also seeks sanctions. The petitioner has opposed the motion. Papers were submitted by the parties and after reviewing all the papers submitted this court now makes the following determination.
On May 1, 2016 the petitioner, landlord, leased premises located at 168-10/12 Union Turnpike, Fresh Meadows New York to the respondent. On October 12, 2023 the petitioner commenced an action against the respondent alleging the nonpayment of rent. A trial was conducted and at the conclusion of the trial the respondent moved for a directed verdict dismissing the action. In a decision and order dated February 4, 2025 the court concluded the rent demand served was improper and therefore found that petitioner had failed to establish, prima facie, that any rent was owed. Thus, the case was dismissed. 
On May 30, 2025 this action was commenced, once again, for the non-payment of rent. Prior to the commencement of this action another rent demand was served which corrected the [*2]deficiencies of the earlier demand. The respondent has now moved seeking to dismiss the petition arguing the dismissal of the prior action has a preclusive effect this case must, likewise, be dismissed. The respondent insists the dismissal was based on the merits (or lack thereof) of petitioner's claims which bars any subsequent claims for the same relief. The petitioner opposes the motion arguing this petition is proper.
Conclusions of Law
Upon a motion to dismiss pursuant to CPLR §3211(a)(5) the court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of any possible inference (Jacobson Development Group LLC v. Grossman, 198 AD3d 956, 156 NYS3d 363 [2d Dept., 2021]).
Res judicata is a legal doctrine that includes both claim preclusion and issue preclusion which is also known as collateral estoppel (see, Paramount Pictures Corporation v. Allianz Risk Transfer AG, 31 NY3d 64, 73 NYS3d 472 [2018]). "To establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions" (id). Issue preclusion or collateral estoppel prevents a party from relitigating an issue in a subsequent action that was clearly raised and decided against that party in a prior action (Simmons v. Trans Express Inc., 37 NY3d 107, 148 NYS3d 178 [2021]). 
Pursuant to RPAPL §711(2) any action for the nonpayment of rent must be preceded by a fourteen-day written demand. The petition must then set forth facts that form the basis of the proceeding (RPAPL §741(4)). Thus, a demand for rent is a condition precedent to a nonpayment proceeding (Williamsburg Housing Preservation LP v. Khan, 86 Misc 3d 1213(A), 232 NYS3d 910 [Civil Court Kings County 2025]). 
It is clear that res judicata does not apply to a decision that was not on the merits (MRI Enterprises Inc. v. Hausknecht, 142 AD3d 1078, 38 NYS3d 220 [2d Dept., 2016]). As the Court of Appeals observed over a century ago "where a party has been defeated in his action by reason of neglect to perform some preliminary act necessary to perfect the cause of action, such as the giving of notice or the like, the judgment is not a bar to another action begun after the cause of action has become perfected by the giving of notice or the performance of the requisite preliminary act, whatever it may be" (Rose v. Hawley, 141 NY 366, 96 Sickles 366 [1894]). Thus, the failure to serve a notice of claim pursuant to Municipal Law 50-e prior to the commencement of an action (Wade v. New York City Health and Hospitals Corp., 59 AD3d 528, 874 NYS2d 171 [2d Dept., 2009]) or the failure to serve a predicate notice of a foreclosure pursuant to RPAPL §1304 (Wells Fargo Bank N.A. v. Palaigos, 235 AD3d 1027, 228 NYS3d 644 [2d Dept., 2025]) are not dismissals on the merits and would not foreclose a subsequent lawsuit seeking the same relief. A distinction must be drawn where the condition precedent goes to the burden of proof of the petitioner's claims. In that instance, res judicata would bar the subsequent filing of claims that were dismissed because of the failure to comply with the condition precedent (Chigirinskiy v. Panchenkova, 2015 WL 1454646 [S.D.NY 2015]). Thus, in Chigirinskiy the court held that current claims concerning the ownership of certain disputed properties were barred by a prior determination the plaintiff inability to establish ownership over those properties. Even though that inability was precipitated by the failure to secure internationally notarized documents, the Chigirinskiy court explained that prior determination was really on the merits. The court noted that while the prior determination may have been on "technical or procedural grounds" the determination was based on "the insufficiency of the evidence" the plaintiff presented. The court characterized the condition precedent, namely the [*3]proper notarization of ownership documents, as really going to the "burden of proof and the merits of his [plaintiff's] claim" (id at Footnote 14). Thus, the condition precedent in that case was in name only.
However, if the condition precedent merely relates to the ability to bring the action, then any dismissal based on the failure to comply with the condition precedent is not on the merits (id). It may be difficult to discern when a condition precedent goes to the merits and when it is merely enables a lawsuit to proceed. The Supreme Court has explained, that at common law, the failure to comply with a condition precedent that is not on the merits does not carry any preclusive effect because "there must be at least one decision on a right between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit" (Halderman v. U.S., 91 US 584, 1 Otto 584 [1875]). Thus, the key factor in deciding whether the failure to comply with a condition precedent bars a subsequent suit is whether any rights between the parties have been adjudicated. 
As noted, a rent demand is a condition precedent and provides a tenant with a "good faith estimate of the arrears owed" (Dendy v. McAlpine, 27 Misc 3d 138(A), 911 NYS2d 691 [Appellate Term 2d Dept., 2019]). Overall, the purpose of the rent demand is to "fairly appraise the tenant of the periods for which rent is allegedly due and in what amounts" (Pantigo Professional Center LLC v. Stankevich, 60 Misc 3d 133(A), 100 NYS3d 194 [Appellate Term 2d Dept., 2018]). In Romea v. Heiberg and Associates, 163 F3d 111 [2d Cir. 1998] the court explained that a rent demand served pursuant to RPAPL §711(2) is a prerequisite to a summary proceeding pursuant to Article 7 of the RPAPL, however, it is not a pleading itself. Indeed, the court stressed that a summary proceeding is commenced by a petition and not the rent demand which precedes the petition (id). Similarly, in J.D. Realty Associates v. Jorrin, 166 AD2d 175, 632 NYS2d 441 [Civil Court New York County 1995] the court rejected a request to permit the parties to engage in discovery to ascertain the current amount of rent owed. The court explained that "a written rent demand is not subject to amendment to cure the kind of substantive defect at issue here. The three-day notice is not a pleading; rather, it is a notice to the tenant of what must be done to forestall a summary proceeding. It speaks when it is served and must convey adequate notice at that time. To permit amendment of a three-day notice after the fact, during the pendency of the proceeding which the notice is intended to avert, both subverts the statutory purpose of the notice and amounts to rewriting history" (id). 
In the prior proceeding in this case the court held that "due to the numerous and significant misstatements and omissions within the Demand, the Demand does not constitute a proper rent demand" (see, Decision and Order dated February 4, 2025, page 8 [NYSCEF Doc. No. 9]). While the court further concluded that the "petitioner has failed to establish their prima facie case at trial" (id) that cannot mean the decision was on the merits foreclosing this current petition. Indeed, while Pantigo Professional Center LLC v. Stankevich, 60 Misc 3d 133(A), 110 NYS3d 194 [Appellate Term Second Department 2018] states that "a proper rent demand is a statutory prerequisite to a nonpayment proceeding (RPAPL 711[2]) and an element of a landlord's prima facie case" again, that does not mean a dismissal based upon a deficient or improper rent demand carries any preclusive effect. The case Pantigo (supra) relies upon for that proposition, Community Housing Innovations Inc. v. Franklin, 14 Misc 3d 131(A), 836 NYS2d 484 [Appellate Term Second Department 2007] merely held that the service of a rent demand constitutes an element of a prima facie case in a nonpayment proceeding which must be established by the petitioner. That merely confirms the rent demand as a prerequisite to the [*4]petition and not an actual evidentiary component of the petition. Of course, a deficient rent demand negates its entire goal, rendering it insufficient to act as any prerequisite service and dismissing the petition thereby. However, that does not constitute a decision on the merits affording such a dismissal with preclusive effect over any subsequent new rent demands and new petitions.
Therefore, the rent demand served in this case is not barred by the earlier dismissed action. Consequently, the motion seeking to dismiss the petition is denied. Any motion seeking sanctions or attorney's fees is denied as well.
So ordered.
Dated: September 2, 2025
Jamaica, NY
Hon. Mark Kagan, JCC